**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GILBERTO CASTRO, lead plaintiff on behalf of himself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>MATTEL, INC.; et al.,<br><br>        Defendants-Appellees. | No.   18-56361<br><br>D.C. Nos.<br>2:17-cv-04732-VAP-KS<br>2:17-cv-04953-VAP-KS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted February 4, 2020
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and MARBLEY,[**] District Judge.

Gilberto Castro appeals the district court's dismissal of his complaint

alleging violations of Section 10(b) and Section 20(a) of the Securities Exchange

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Algenon L. Marbley, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

Act of 1934. 15 U.S.C. §§ 78j(b), 78t(a). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in holding that Castro failed to satisfy the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b). *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990–91 (9th Cir. 2009). First, Castro failed to plead falsity adequately. Although Castro pleaded a "litany of alleged false statements" by defendants, he failed to plead "specific facts indicating why those statements were false." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008). Also, some of the alleged false or misleading statements are corporate puffery, forward-looking statements, or both, and thus are not actionable. *See Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1111 (9th Cir. 2010).

Second, Castro failed to plead scienter adequately. The complaint did not include allegations that standing alone, or considered in combination, established that any of the confidential witnesses possessed the requisite personal knowledge to raise an inference that defendants had the necessary scienter. Nor did Steven

Totzke's anecdotal and informal statements raise such an inference. *See Zucco Partners*, 552 F.3d at 995.

**AFFIRMED.**